## IN THE UNITED STATES DISTRICT COURT FOR THE ~~FILED~~
## EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

| | |
|---|---|
| BRANDON T. CARDEN, individually and )<br>as next of kin of the Decedent, )<br>Plaintiff, )<br>)<br>versus )<br>)<br>CITY OF KNOXVILLE, TENNESSEE, )<br>)<br>DAVID GERLACH, Individually and in )<br>his Official Capacity as an Officer of )<br>the Knoxville City Police )<br>Department )<br>Defendants. ) | COURT CASE NO. 3:15-CV-314<br>VARLAN / GUYTON<br>JURY DEMANDED |

---

## COMPLAINT

---

**COMES NOW** Plaintiff Brandon T. Carden, by and through his representation, Brooks Law Group, and his attorney Richard M. Brooks, and as next of kin to Ronald E. Carden, for cause of action against the Defendants, both jointly and severally, and would respectfully state unto this Honorable Court as follows:

## I. INTRODUCTION

1. This cause of action arises from an encounter between Ronald E. Carden, deceased, and the Knoxville Police Department, including but not limited to, Chief of Police David B. Rausch and Officer David Gerlach. This unfortunate encounter occurred in Knoxville, Tennessee at or near the

West Hills Exit on Interstate 40 at approximately 3:00 A.M. on July 27, 2014, after which time Ronald E. Carden was fired upon and murdered.

2. The Defendants have violated Mr. Carden's civil rights as well as the Common and Statute Law of the State of Tennessee. They have further committed the torts of assault, battery, negligent hiring, deliberate indifference to the medical needs of Mr. Carden, and wrongful death.

## II. JURISDICTION AND VENUE

3. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and other claims, which arise under state law.

4. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this court pursuant 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Court otherwise has jurisdiction.

6. Jurisdiction of the State law claim is also proper. The Federal Court, under 28 U.S.C. § 1367 should assume supplemental jurisdiction. The state law claim being, the Plaintiff, Brandon T. Carden as next of kin, under the

Tennessee Governmental Tort Liability Act (TGTLA) brings this action individually and officially. (T.C.A. § 29-20-101 et seq.) The Plaintiff also brings individual claims against the Defendants under the Common and Statute Laws of the State of Tennessee.

## III. PARTIES

7. Ronald E. Carden, now deceased as a result of the facts contained below, was at all times relevant to this complaint, a citizen of the State of Tennessee, domiciled in Knox County.

8. Plaintiff Brandon T. Carden, is a Caucasian male and is the son of Ronald E. Carden, deceased. Plaintiff Brandon T. Carden is a resident and citizen of the United States, domiciled in Knox County, Tennessee.

9. The City of Knoxville is the county seat of Knox County, Tennessee and among its other functions operates and maintains a law enforcement agency known as the Knoxville Police Department (KPD). Knoxville is under a duty to run its policing activities in a lawful manner so as to preserve the peace of Knoxville and to preserve to its citizens the rights, privileges, and immunities guaranteed them by the constitutions and laws of the United States and the State of Tennessee. The City of Knoxville has established or delegated to Defendant David B. Rausch, Chief of Police of KPD, the responsibility of establishing and implementing policies, practices, procedures and customs, used by law enforcement officers employed by KPD regarding arrests and use of force. The City of Knoxville

does not have immunity from violating the civil rights of citizens and has waived sovereign immunity for the acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. Section 29-20-101 et seq., particularly T.C.A. Section 29-20-205 as at all times hereto its officers were acting by virtue and under the color of their offices as officers employed by the City of Knoxville and the KPD.  At all times, the City of Knoxville was acting under the color of state law. The agent for service of process for Defendant City of Knoxville, Tennessee is, Charles Swanson, 400 Main Street, Suite 699, Knoxville, Tennessee 37902.

10. Defendant David B. Rausch, upon reasonable belief, Defendant is male and resides in Knox County, Tennessee.

11. Defendant David Gerlach, upon reasonable belief, Defendant is male and resides in Knox County, Tennessee.

## IV. FACTUAL ALLEGATIONS

Plaintiff makes the following allegations based on the review of all available records and statements regarding of the death of Ronald E. Carden.

12. Ronald E. Carden, now deceased, arrived at the residence of Nicholas Thomas on July 27, 2014 at approximately 1:00 A.M.

13. Mr. Carden asked Nicholas Thomas for a glass of ice water.

14. Mr. Carden, deceased, then asked if Mr. Thomas would ride with him to Watt Road.

15. Mr. Thomas agreed and left with Mr. Carden in his vehicle.

16. Approximately ten (10) minutes later, Mr. Carden and Mr. Thomas experienced a flat tire at or near the West Hills Exit of Interstate 40.

17. Mr. Thomas suggested Mr. Carden pull over on the off –ramp so that they could change the tire.

18. As Mr. Carden and Mr. Thomas were beginning to change the tire on Mr. Carden's vehicle, a policeman. Defendant Gerlach, pulled over behind them.

19. Defendant Gerlach exited his patrol vehicle and asked if Mr. Thomas and Mr. Carden needed any help.

20. Mr. Carden thanked Gerlach, but denied his offer.

21. Defendant Gerlach then got back into his vehicle and began to back out.

22. Defendant Gerlach brought his vehicle to a halt for a brief moment before pulling forward, again.

23. Gerlach exited his patrol vehicle and asked if Mr. Carden was the driver of the vehicle.

24. Gerlach stated he "needed to talk" to Mr. Carden.

25. Mr. Carden complied and walked towards Gerlach.

26. Defendant Gerlach told Mr. Carden to "turn around" and grabbed for Mr. Carden's hand.

27. Mr. Carden asked Gerlach why he was in trouble and briefly pulled his arm away.

28. Defendant Gerlach did not answer Mr. Carden's question, placed his hand on his gun, and grabbed for Mr. Carden's arm a second time.

29. Mr. Carden hit attempted to run into the grassy area towards the tree line.

30. Gerlach pursued Mr. Carden and tackled him to the ground.

31. As the two men were wrestling on the ground, Defendant Gerlach attempted to deploy his taser, but was unsuccessful.

32. Mr. Carden disengaged from Defendant Gerlach, stood up, and turned his back to Defendant Gerlach.

33. While still on the ground, Defendant Gerlach then shot Mr. Carden in the back, twice.

34. Mr. Carden was lying motionless face down on the ground when Defendant Gerlach stood up and shot him four more times.

35. Defendant Gerlach then used his radio to call for back up.

36. Defendant Gerlach continued to stand over Mr. Carden, doing nothing to assist Mr. Carden medically, with his gun pointed at his back until the other officers arrived.

37. No other officers, attempted to give Mr. Carden any medical attention, in spite of his obvious need.

38. As a result of the Defendants actions and inactions, Mr. Carden is now deceased.

# V. LIABILITY

## COUNT I.

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

39. In committing the acts complained of herein, the Individual Defendants acted jointly and under color of state law to deprive Mr. Ronald E. Carden of his clearly established constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to:

   a. Freedom from the use of unreasonable, unjustified and excessive force;

   b. Freedom from deprivation of liberty and property without due process of law;

   c. Freedom from summary punishment;

   d. Freedom from arbitrary governmental activity, which shocks and offends the conscience of civilized society.

40. Further, in committing the acts complained of herein, the Defendants acted under color of state law to deprive Mr. Brandon T. Carden of his clearly established rights of familial association with his father, which are protected under the Fourteenth Amendment to the United States Constitution.

41. In violating Mr. Ronald E. Carden's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state

law and conducted an unreasonable seizure of Mr. Ronald E. Carden through the use of unnecessary, unjustified, unreasonable and excessive force.

42. As a direct and proximate result of the violation of Mr. Ronald E. Carden's constitutional rights by the Defendants, Mr. Ronald E. Carden suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

43. The conduct of the individual Defendants was willful, malicious, oppressive, and reckless and was of such a nature that punitive damages should be imposed against the individual Defendant and, with the exception of the City of Knoxville, in an amount commensurate with the wrongful acts alleged herein.

## COUNT II.

Plaintiff hereby incorporates, in his entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

44. The city of Knoxville and Chief Rausch are under a constitutional duty to properly train, supervise, and discipline members of the Knoxville Police Department during their law enforcement activities and to ensure that the joint policing activities of the KPD are run in a lawful manner, preserving to the citizens of the City of the Knoxville the rights, privileges and immunities guaranteed to them by the Constitutions of the United

States of America and the State of Tennessee and the laws of the United States of America and the State of Tennessee.

45. The City of Knoxville and Chief Rausch failed in this constitutional duty by permitting, encouraging, tolerating, and knowingly acquiescing to an official pattern practice or custom of its police officers, including the Individual Defendant Officers, violating the constitutional rights of the public at large, including Mr. Ronald E. Carden.

46. The actions of the Individual Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the actions of Mr. Ronald E. Carden, if any, and constituted an unreasonable search and seizure effectuated through the use of excessive and unreasonable force and a deprivation of Mr. Ronald E. Carden's due process protections in violation of the rights secured to him by the Fourth and Fourteenth Amendments of the United States Constitution.

47. The City of Knoxville and Chief Rausch are directly liable for the violation of the Plaintiff's constitutional rights due to the following policies, practices or customs which were in effect at the time of this incident and which were the moving force behind the violation of Mr. Ronald E. Carden's constitutional rights:

   a. Defendants failed to adequately and properly train and educate its officers with respect to the proper procedures to employ when interacting with citizens, the proper use of force and providing medical attention, creating an atmosphere of illegal and unconstitutional behavior that is tolerated and accepted in deliberate indifference and reckless disregard to the welfare of the

public at large, including Mr. Ronald E. Carden;

b.  Defendants failed to properly supervise and discipline its officers with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding the use of force and providing medical attention, which creates a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Mr. Ronald E. Carden;

c.  Defendants failed to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practices and customs with respect to the use of force, and providing medical attention, which creates a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Mr. Ronald E. Carden;

d.  Defendants failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding the use of force and providing medical attention, in an effort to escape liability, thus creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including Mr. Ronald E. Carden;

e.  Defendants have a policy, practice or custom of exonerating officers regarding complaints of misconduct, including, but not limited to, the use of force, and providing medical attention, in order to escape liability and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including Mr. Ronald E. Carden;

f.  Defendants have a policy, practice or custom of allowing its officers to use excessive and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large, including Mr. Ronald E. Carden;

g.  Defendants are aware that a "code of silence" exists among members of its department whereby officers will not report

misconduct of fellow officers and has failed to take such steps to preclude its existence and, as a result of the "code of silence," officers act unconstitutionally without fear of discipline.

48. Alternatively, the City of Knoxville and Chief Rausch are liable for the actions of the Individual Defendant by virtue of the fact that they were informed of improper conduct of the Individual Defendants and failed to discipline them, which evidences that the conduct of the Individual Defendant at the time of the events described herein was in conformity with the existing policies, practices and customs of these Defendants. Accordingly, these Defendants ratified, condoned and approved the Individual Defendant officer's conduct in this matter in all respects.

49. Alternatively, and while not actionable under currently existing law, the City of Knoxville and Chief Rausch are liable for the constitutional violations committed by the Individual Defendant under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitution and laws of the United States and the State of Tennessee.

50. As a direct and proximate result of the foregoing policies, practices and customs of the City of Knoxville and Chief Rausch, the violation of the constitutional rights of citizens by the members of the KPD and the Individual Defendant Officer was substantially certain to occur and was the moving force behind the violation of the Plaintiff's constitutional rights.

**COUNT III.**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

51. At all times material hereto, the Individual Defendants were acting in the course and scope of their employment with the City of Knoxville and KPD. The acts, omissions and conduct of the Individual Defendants alleged herein constitute assault, battery, negligent hiring, and deliberate indifference to the medical needs of Mr. Carden, under the laws of the State of Tennessee. Plaintiffs aver that the Individual Defendant, the City of Knoxville, should be held liable for all said torts as the Individual Defendants were acting in the course and scope of their employment at all times material hereto and their actions were foreseeable. In the alternative, the Plaintiff submits that the City of Knoxville is liable for all torts committed by its officers, that the City of Knoxville has waived immunity under state law, and that the Individual Defendants are liable for all torts committed by them for which the City of Knoxville has not waived immunity.

52. Under currently existing law, Plaintiff avers that the Individual Defendants are liable for all torts committed by them and for which the City of Knoxville has not waived immunity under the Tennessee Governmental Tort Liability Act (TGTLA) and which include, but are not

limited to, assault and battery.

53. Under currently existing law, Plaintiff avers that the City of Knoxville is liable for their own negligence and is responsible for all of the aforesaid torts committed by the Individual Defendants for which they have waived immunity under the Tennessee Governmental Tort Liability Act (TGTLA) and which include, assault, battery, and negligent hiring.

54. The Plaintiffs bring this cause of action under state law against the City of Knoxville for negligence pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), T.C.A. Section 29-20-101, et seq., particularly T.C.A. Section 29-20-205. The City of Knoxville has waived its immunity for its own negligence and the acts and omissions of its employees complained of herein pursuant to the TGTLA, T.C.A. Section 29-20-101, et seq., particularly T.C.A. Section 29-20-205. At all times material hereto, the City of Knoxville's employees, including the Individual Defendants, were acting in the course and scope of their employment.

55. The City of Knoxville was under a duty to conduct their law enforcement activities in such a manner as to preserve to the citizens of Knoxville, Tennessee, the rights, privileges and immunities guaranteed to them by the laws of the State of Tennessee, the Constitution of the State of Tennessee and the Constitution of the United States.

56. While the Plaintiff has asserted that the policies, practices, customs and usages of the City of Knoxville were deliberately indifferent to Plaintiff's constitutional rights, the Plaintiff pleads in the alternative that the City of

Knoxville negligently screened, hired, trained, monitored, supervised, controlled, assigned, counseled, investigated and disciplined the Individual Defendants and other officers and employees of their respective departments, which made the misconduct of the Individual Defendants and other officers a foreseeable result of the City of Knoxville's systemic deficiencies.

57. The aforementioned deficiencies of the City of Knoxville resulted in its failure to act in a reasonable and prudent manner and constitute negligence under the laws of the State of Tennessee that was a proximate cause of the torts committed by the Individual Defendants.

58. As a direct and proximate result of the aforementioned acts and omissions of these Defendants, the Plaintiff has been injured and damaged.

## COUNT IV.

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

59. The actions and omissions of the Individual Defendants complained of herein were unlawful, conscious shocking and unconstitutional and performed maliciously, recklessly, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to a substantial award of punitive damages.

## COUNT V.

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

60. The inactions of the Defendant, by failing to render medical assistance, amounts to a violation of Mr. Carden's constitutional rights by being deliberately indifferent to Mr. Carden's serious medical need.

## V. DAMAGES

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

61. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Ronald E. Carden was injured and damaged. The injuries and damages for which Ronald E. Carden seeks compensation from the Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

  a. Physical Pain and Suffering;
  b. Emotional Pain and Suffering;
  c. Medical Expenses including, but not limited to the following:
      Ambulance
  d. Funeral Expenses;
  e. Loss of Enjoyment of Life;
  f. Loss of wages;
  g. Loss of Earning Capacity;
  h. Loss of consortium and services of Ronald E. Carden to his one (1) surviving child;
  i. Hedonic Damages;
  j. The full pecuniary value of the life of Ronald E. Carden;

k. Punitive damages against the applicable Defendants;
l. Pre and post judgment interest;
m. Statutory and Discretionary Costs;
n. Attorney's fees;
o. A declaratory judgment that the acts and conduct herein violated both the United States and State of Tennessee Constitutions;
p. Injunctive relief precluding Defendants from engaging in the conduct complained of herein in the future and requiring the Knoxville Police Department to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct;
q. All such further relief, both general and specific, to which the Plaintiffs may be entitled under the premises.

62. Brandon T. Carden was injured and damaged. The injuries for which

Plaintiff Brandon T. Carden seeks compensation from Defendants, both

jointly and severally, under both state and federal law, include, but are

not limited to, the following:

a. Emotional pain and suffering for negligent infliction of emotional distress;
b. Loss of services, love, society, affection and consortium of his father of a past, present and future nature and interference with his right to familial association with his father;
c. Pre- and post-judgment interest;
d. Statutory and discretionary costs;
e. Incidental and consequential damages stemming from attending to the injuries of his father; and
f. All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

1. That proper process issue to the Defendants and that they be required to

answer under oath in the time required by law.

2. That judgment be rendered in favor of the Plaintiff and against the

Defendants on all causes of action asserted herein.

3. That Plaintiffs be awarded those damages to which they may appear that they are entitled by proof submitted in this case for their physical and mental pain and suffering both past, present, and future, loss of enjoyment of life, and the violation of their rights guaranteed to them by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That as to the individual Defendant, punitive damages be asserted.

5. That as to all Defendants, that the Plaintiff be awarded reasonable expenses, including reasonable attorneys fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

6. That the Plaintiff receives any other further and general relief to which he may appear that he is entitled.

7. That a jury of six (6) is demanded.

8. That a jury be empanelled to hear the trial of this case.

9. That he be able to recover the costs of this cause.

10. That he receives such other relief as to this Court seems just, proper and equitable.

11. Plaintiff sues the Defendants, both jointly and severally, for all damages to which the Plaintiff may be entitled to recover against the Defendants under state and federal law in his individual capacity and as representative of the Estate of Ronald E. Carden and prays for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such

further relief, both general and specific, to which he may be entitled under the premises. The Plaintiff objects to placing a specific sum of money on the value of a life. However, to the extent that a specific demand for a sum of money is required to be requested on the Complaint, the amount should not exceed One- Million ($1,000,000.00) Dollars.

12.    Plaintiff sues Defendants, both jointly and severally, and prays for a judgment against the applicable Defendant for punitive damages in an amount to be determined by a jury as reasonable for all such further relief, both general and specific, to which he may be entitled under the premises. The Plaintiff objects to placing a specific sum of money on the value of a life. However, to the extent that a specific demand for a sum of money is required to be requested on the Complaint, the amount should not exceed Two-Million ($2,000,000.00) Dollars.

**CONSTITUTIONALLY SUBMITTED** on this the 22nd day of July 2015.

*[signature]*

**RICHARD M. BROOKS, #4308**
*Attorney for Plaintiff*
130 Third Avenue West
Carthage, TN 37030
Phone: (615) 735-0807
Fax: (615) 735-1921
Email: utkrmb@comcast.net