UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRANDON T. CARDEN, individually and as Next of kin of the Decedent, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:15-cv-314-TAV-HBG |
| v. | ) ) | |
| CITY OF KNOXVILLE, TENNESSEE, and DAVID GERLACH, individually and in his Official capacity | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant David Gerlach's Motion to Stay Discovery [Doc. 16], filed on June 7, 2016. In his Motion to Stay, Defendant Gerlach asserts that he has filed a Motion for Summary Judgment that is based upon qualified immunity. Defendant Gerlach argues that qualified immunity is not merely a defense, but an entitlement not to stand trial or face other burdens of litigation. In addition, he asserts that this case does not present the characteristics which have given courts pause in deciding qualified immunity issues in deadly force cases where the only surviving witness to the incident is the defendant officer. Finally, Defendant Gerlach states that additional discovery is simply unnecessary to frame the issue of qualified immunity in this case based on the record presently before the Court.

No party has responded in opposition to Defendant Gerlach's Motion, and the time for doing so has expired. See L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Moreover, as this Court has explained, "[W]hile the Court

has discretion to stay a case pending resolution of a dispositive motion, a stay is *mandated* in those situations where governmental defendants have raised a claim of qualified immunity unless there is discovery needed to frame the immunity issue." Allison v. Knox County, No. 3:10-CV-188, Doc. 46 (E.D. Tenn. Jan. 24, 2012) (quoting Brown v. Timmerman-Cooper, 2012 WL 113528, at *4 (S.D. Ohio Jan. 13, 2012)) (emphasis supplied). The Court of Appeals has explained, however, that its prior holdings should not be interpreted as standing for the proposition that "any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery." Alspaugh v. McConnell, 643 F.3d 162, 168 (6th Cir. 2011). Thus, discovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue. See, e.g., Devers v. Mooney, No. 3:12-cv-700, 2013 WL 3821759, at *2 (W.D. Ky. 2013) (allowing limited discovery where a motion for summary judgment based upon qualified immunity was pending).

In the instant matter, Defendant Gerlach asserts that additional discovery is simply unnecessary to frame the issue of qualified immunity in this case based on the record presently before the Court. No party has refuted this argument, and the Court finds Defendant Gerlach's position well-taken. Accordingly, Defendant Gerlach's Motion to Stay Discovery [**Doc. 16**] is **GRANTED**. Discovery is **STAYED**, pending the District Judge's ruling on the issue of qualified immunity. Discovery will **RESUME** following the entry of the District Judge's ruling on the issue of qualified immunity, absent a motion to further extend the stay.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge