UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDON T. CARDEN, individually and as next of kin of the decedent, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 3:15-CV-314-TAV-HBG ) |
| DAVID GERLACH, individually, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 62] of the Chief District Judge.

Now before the Court is Defendant David Gerlach's Motion for Sanctions [Doc. 55]. The parties appeared telephonically before the Court on February 16, 2018, for a motion hearing. Attorney Richard Brooks appeared on behalf of Plaintiff. Attorneys Jerome Melson and John Kiser appeared on behalf of Defendant Gerlach. Accordingly, for the reasons further stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion [**Doc. 55**].

## **I.      POSITIONS OF THE PARTIES**

In his Motion [Doc. 55], Defendant Gerlach moves for entry of an order dismissing this action as a sanction due to Plaintiff's failure to cooperate in discovery and for violation of the Court's December 22, 2017 Order. Defendant argues that he served Plaintiff with written discovery on October 19, 2017, which sought, among other matters, computation of Plaintiff's damages. Defendant asserts that information regarding the computation of damages was not provided in Plaintiff's initial disclosures. Defendant submits that Plaintiff provided his deposition on November 20, 2017, and acknowledged that he had not yet provided responses to the written

discovery. In December 2017, defense counsel inquired about the status of written discovery multiple times. Defendant states that on December 21, the parties participated in a telephonic conference with the undersigned regarding the outstanding discovery. Defendant states that the undersigned ordered Plaintiff to respond to the discovery requests by January 5, 2018. Defendant continues that Plaintiff emailed his responses on January 4, 2018, but that Plaintiff did not sign his discovery responses and that his responses were not under oath in clear violation of the express language in Federal Rule of Civil Procedure 33. Further, Defendant submits that Plaintiff failed to provide any information in response to Interrogatories 16 and 17, which seek disclosure of the computation of each category of damages. Defendant asserts that dismissal is appropriate given Plaintiff's repeated failures to cooperate in discovery and for his failure to comply with the Court's December 22 Order.

In response [Doc. 60], Plaintiff states that he and his counsel have had difficulty communicating because he (Plaintiff) did not have a cell phone until January 5, 2018. He asserts that Defendant's requested sanction of dismissal is excessive. He explains that his responses to discovery were not willfully intended to be evasive and incomplete and that when he answered, "I don't know," he was following the direction given by defense counsel during his deposition. Plaintiff argues that Defendant does not explain how he will be prejudiced. Plaintiff asserts that he was given notice in the Court's December 22 Order that discovery abuses could lead to sanctions, including dismissal, but other than the Court's statement, less drastic sanctions have not been imposed or ordered. Plaintiff argues that less severe sanctions would be adequate to impress the importance of timely communications and participating in the case going forward. Further, Plaintiff states that a copy of the verification was emailed to Defendant on January 26, 2018. Plaintiff explains that computation of damages in this case is challenging and that it is very difficult

to put a price on someone's life. Plaintiff argues that he does not have concrete knowledge of his father's work history.

Defendant filed a Reply [Doc. 61], asserting that Plaintiff's verification page was served on January 26, 2018, and was ineffective because it was served three weeks passed the Court's deadline for responding to discovery. Further, Defendant argues that Plaintiff may not avoid his obligation to disclose information regarding the computation of his alleged damages merely because he does not know such information. In addition, Defendant asserts that the four factors applicable to requests for dismissal under Rule 37(b) overwhelmingly support dismissal of this case.

## II. ANALYSIS

By way of background, on December 21, 2017, the parties appeared telephonically before the Court over a discovery dispute. During the telephonic hearing, the parties agreed that Plaintiff would provide his responses to all outstanding discovery requests on or before January 5, 2018. Per the parties' agreement, the Court ordered as follows:

> Accordingly, the Court **ORDERS** Plaintiff to respond to Defendants' discovery requests on or before **January 5, 2018,** and to respond to Defendants' Motions for Summary Judgment on or before **January 12, 2018**. The Court grants the Defendants leave to move for sanctions if Plaintiff fails to respond to their outstanding discovery requests by the January 5 deadline. The Court hereby **ADMONISHES** the Plaintiff that future discovery abuses that approach the magnitude of the previous failure may lead to sanctions, up to and including dismissal of this case. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).[1]

During the February 16 hearing, Defendant argued that the most significant issue is that Plaintiff did not disclose any calculation with respect to damages until recently. Defendant stated that a few days prior to the hearing, Plaintiff sent him a life expectancy table, but such information

---

[1] Defendant City of Knoxville was dismissed per stipulation [Doc. 59].

is too late. Defendant argued that it received this table weeks after the deadline for discovery had passed. Defendant argued that Plaintiff failed to participate in discovery, the lack of participation was willful, Plaintiff has already been warned by the Court, and Defendant is prejudiced by Plaintiff's actions.

Plaintiff responded that he lost his father and that he lives in Knoxville, but his counsel does not. Plaintiff stated that he did not have a strong relationship with his father, so he has to rely on a life expectancy table for a figure with respect to damages. He continued that he does not have any taxes for his father and that he did not retain an economist because an economist could not provide an estimate of damages. Defendant replied that Plaintiff knew that there were no taxes and that Defendant only received the life expectancy table two days ago, which was after the discovery deadline.

Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures. Rule 37(b)(2) provides as follows:

> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;

> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

As mentioned above, the Court ordered Plaintiff to respond to discovery on or before January 5, 2018. The Court has reviewed the discovery responses and finds that they are deficient. For instance, Defendant emphasizes Plaintiff's responses to Interrogatories 16 and 17. Specifically, Interrogatories 16 and 17 request as follows:

> 16. Please provide a specific and detailed computation of each category and/or subset of damages Plaintiff seeks in association with Mr. Carden's claimed injuries as is alleged in paragraph 61 of the Complaint.
>
> 17. Please provide a specific and detailed computation of each category and/or subset of damages Plaintiff seeks in association with Plaintiff's claimed injuries as is alleged in paragraph 62 of the Complaint.

Plaintiff responded to both Interrogatories, "I don't know." [Doc. 55-5]. The Court finds Plaintiff's responses deficient and that sanctions are warranted given the Court's previous admonishment. While the Court finds that sanctions are appropriate, the Court does not find that Plaintiff's deficiencies warrant dismissal. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). While Defendant asserts that Plaintiff did not sign his discovery responses until later in violation of Rule 33, the Court finds that Plaintiff's untimeliness does not warrant dismissal.

In making this finding, the Court has considered the following four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Universal Health Grp. v. Allstate Ins. Co.,* 703 F.3d 953, 956 (6th Cir. 2013) (citing *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002)). The Court does not find that the above factors compel dismissal. The Court observes that factor two weighs in favor of dismissing this action. As mentioned above, the undersigned has already warned Plaintiff that future discovery abuses may lead to sanctions, including dismissal. Further, the Court agrees, as Defendant emphasized in his filings, he is entitled to know the computation of damages before proceeding to trial and Plaintiff's failure to timely provide the computation of damages prejudices Defendant. The Court's sanction below, however, eliminates such prejudice to Defendant. With respect to willfulness, bad faith or fault, the Court observes that Plaintiff provided the responses by the discovery deadline, although they were deficient. In any event, the Court has considered the fourth factor and finds that there are less drastic sanctions that are appropriate in this case and are proportional to Plaintiff's deficiencies.

Accordingly, the Court finds and **ORDERS** that Plaintiff may not submit or rely on any evidence, information, or documents to support his allegations in this case that were not timely provided to Defendant, including the life expectancy table that was only recently provided. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). This life expectancy table was not provided by the Court's January 5 deadline and was provided beyond the discovery deadline in this case.

The Court observes that the trial in this case is set for April 23, 2018. Receiving new information is prejudicial to Defendant given that the discovery deadline has expired.

## III. CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion for Sanctions [**Doc. 55**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge